NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 210051-U

NO. 4-21-0051

IN THE APPELLATE COURT

FILED
June 17, 2021
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| *In re* A.G., a Minor | ) | Appeal from the |
| | ) | Circuit Court of |
| (The People of the State of Illinois, | ) | Vermilion County |
| Petitioner-Appellee, | ) | No. 18JA123 |
| v. | ) | |
| Steven A., | ) | Honorable |
| Respondent-Appellant). | ) | Thomas M. O'Shaughnessy, |
| | ) | Judge Presiding. |

_____

PRESIDING JUSTICE KNECHT delivered the judgment of the court.
Justices Cavanagh and Steigmann concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The appellate court affirmed, concluding the trial court's findings respondent was an unfit parent and it was in the minor's best interest to terminate respondent's parental rights were not against the manifest weight of the evidence.

¶ 2    Respondent father, Steven A., appeals from the trial court's judgment terminating his parental rights to his daughter, A.G. (born January 21, 2015). On appeal, respondent argues the trial court's findings he was an unfit parent and it was in the minor's best interest to terminate his parental rights are against the manifest weight of the evidence. We disagree and affirm.

¶ 3                                    I. BACKGROUND

¶ 4    Respondent and Joanie W. are the minor's biological parents. Joanie W.'s parental rights to the minor were also terminated during the proceedings below. She is not, however, a party to this appeal.

¶ 5                          A. Petition to Terminate Parental Rights

¶ 6    In December 2019, the State filed a petition to terminate respondent's parental rights to the minor. The State alleged respondent was an unfit parent as he failed to (1) maintain a reasonable degree of interest, concern, or responsibility as to the minor's welfare (750 ILCS 50/1(D)(b) (West 2018)); (2) make reasonable efforts to correct the conditions that were the basis for the removal of the minor during a nine-month period following the minor's March 13, 2019, adjudication of neglected, namely March 14, 2019, to December 14, 2019 (750 ILCS 50/1(D)(m)(i) (West 2018)); and (3) make reasonable progress toward the return of the minor to his care within a nine-month period following the adjudication of neglected, namely March 14, 2019, to December 14, 2019 (750 ILCS 50/1(D)(m)(ii) (West 2018)). The State further alleged it was in the minor's best interest to terminate respondent's parental rights and appoint the Department of Children and Family Services as guardian with the power to consent to adoption.

¶ 7                            B. Fitness Hearing

¶ 8    In September 2020, the trial court held a fitness hearing. Despite receiving notice, respondent did not appear. The State presented testimony from a caseworker who had been assigned to the minor's case since February 2019. The following is gleaned from that testimony.

¶ 9    Respondent completed an integrated assessment, which resulted in recommendations for parenting, substance abuse, and mental health services. A service plan was completed, but respondent did not sign the service plan. The caseworker did not discuss the service plan with respondent, but the caseworker did discuss the recommended services with him.

¶ 10    Respondent had not completed parenting services. Despite being referred, respondent did not engage in parenting classes. When the caseworker spoke with respondent about the parenting services, respondent stated he was not going to take parenting classes because he

was not the parent at fault—the minor's adjudication of neglected resulted from the actions or inactions of Joanie W. The caseworker explained to respondent the need to take the classes, to which respondent maintained the classes were not necessary.

¶ 11 Respondent had not completed substance abuse services. Respondent did not complete a recommended substance abuse assessment. When the caseworker spoke with respondent about the substance abuse services, respondent stated he was going to look into completing an assessment at an agency where he obtained his medication. He then failed to follow up with the caseworker about the assessment. Respondent completed some drug screens which came back negative.

¶ 12 Respondent had not completed mental health services. Respondent did not complete a recommended mental health assessment. Despite the caseworker informing respondent of the need to come by her office to sign a consent for her to issue a referral for a mental health assessment, respondent did not appear.

¶ 13 Respondent had not attended any visitations with the minor. Approximately three visitations were scheduled. Respondent requested the visitations.

¶ 14 Respondent did not maintain regular contact with the caseworker. Respondent did not return the caseworker's phone calls. Respondent reported having phone issues and that his phone had been stolen. The caseworker did not mail respondent letters because he reported being between residences. The caseworker did not visit respondent's home, noting home visits were typical only where a parent engaged in services. Respondent attended most court proceedings. During those proceedings, respondent was admonished of the need to cooperate with the agency assigned to monitor the minor's welfare.

¶ 15    Based on this information, the trial court found respondent was an unfit parent for all the reasons alleged in the State's petition to terminate parental rights.

¶ 20                        C. Best-Interest Hearing

¶ 21    In January 2021, the trial court held a best-interest hearing. Respondent appeared at the hearing. The State presented testimony from the caseworker who had been assigned to the minor's case since February 2019. The following is gleaned from that testimony.

¶ 22    The minor, who was almost six years old at the time of the best-interest hearing, had been placed with her foster family since the case was opened in late 2018. The minor's sibling had also been placed with the minor and her foster family. The minor and her sibling were related to their foster family. The foster family included two parents and three teenage children. The minor was bonded to her foster family, and the foster family was bonded to the minor. The minor referred to her foster parents as mom and dad. The foster family cared for the minor and made sure she felt safe and loved. The minor and the foster family were involved in the community. The minor was in cheerleading, and the foster parents were looking into signing the minor up for gymnastics. The foster family was willing to provide the minor with permanency through adoption.

¶ 23    The minor had not seen or communicated with respondent since the case was opened. The caseworker was unaware of any relationship between the minor and respondent prior to the case being opened. The minor had never asked about respondent when the caseworker met with her, which occurred about once a month. The caseworker had not heard from respondent in several months and did not know where he resided. Respondent previously expressed a desire to have custody of the minor.

¶ 24    Based on this information, the trial court, after considering the statutory

best-interest factors, found it would be in the minor's best interest to terminate respondent's parental rights. The court entered a written order terminating respondent's parental rights.

¶ 25    This appeal followed.

¶ 26                                II. ANALYSIS

¶ 27    On appeal, respondent argues the trial court's findings he was an unfit parent and it was in the minor's best interest to terminate his parental rights are against the manifest weight of the evidence. The State disagrees.

¶ 28                            A. Unfitness Finding

¶ 29    Respondent asserts the trial court's finding he was an unfit parent is against the manifest weight of the evidence.

¶ 30    In a proceeding to terminate parental rights, the State must prove parental unfitness by clear and convincing evidence. *In re N.G.*, 2018 IL 121939, ¶ 28, 115 N.E.3d 102. A trial court's finding of parental unfitness will not be disturbed on appeal unless it is against the manifest weight of the evidence. *Id.* ¶ 29. A finding is against the manifest weight of the evidence "only where the opposite conclusion is clearly apparent." *Id.*

¶ 31    The trial court found respondent was an unfit parent as defined in section 1(D)(b) of the Adoption Act (750 ILCS 50/1(D)(b) (West 2018)). Section 1(D)(b) states a parent will be considered an "unfit person" if he or she fails "to maintain a reasonable degree of interest, concern or responsibility as to the child's welfare." In determining whether a parent showed a reasonable degree of interest, concern, or responsibility as to a child's welfare, the court must examine "the parent's conduct concerning the child in the context of the circumstances in which that conduct occurred." *In re Adoption of Syck*, 138 Ill. 2d 255, 278, 562 N.E.2d 174, 185 (1990).

¶ 32 As gleaned from the testimony presented at the fitness hearing, respondent was aware of the recommended services and decided not to engage in them. At the time of the fitness hearing, respondent had not completed any of the recommended services. Further, respondent did not maintain regular contact with the minor's caseworker, the individual assigned to monitor the welfare of the minor, or attend scheduled visitations with the minor. Given this information gleaned from the testimony presented, we find the trial court's unfitness finding based on respondent's failure to maintain a reasonable degree of interest, concern, or responsibility as to the minors' welfare is not against the manifest weight of the evidence.

¶ 33 As only one ground for a finding of unfitness is necessary to uphold the trial court's judgment, we need not review the other grounds for the court's unfitness finding. *In re Z.M.*, 2019 IL App (3d) 180424, ¶ 70, 131 N.E.3d 1122.

¶ 34 B. Best-Interest Finding

¶ 35 Respondent asserts the trial court's finding it was in the minor's best interest to terminate his parental rights is against the manifest weight of the evidence.

¶ 36 In a proceeding to terminate parental rights, the State must prove termination is in the child's best interests by a preponderance of the evidence. *In re D.T.*, 212 Ill. 2d 347, 367, 818 N.E.2d 1214, 1228 (2004). When considering whether termination of parental rights would be in a child's best interest, the trial court must consider several statutory factors within the context of the child's age and developmental needs. See 705 ILCS 405/1-3(4.05) (West 2018).

¶ 37 This court will not reverse a trial court's finding termination of parental rights is in a child's best interests unless it is against the manifest weight of the evidence. *In re J.B.*, 2019 IL App (4th) 190537, ¶ 33, 147 N.E.3d 953. Again, a finding is against the manifest weight of the

evidence only where the opposite conclusion is clearly apparent. *Id.*

¶ 38        The testimony presented at the best-interests hearing showed the minor was bonded to her relative foster family, whom she had resided with for over two years. The foster family provided for the minor's needs and desires. The foster family was willing to provide the minor with permanency through adoption. Conversely, the minor had not seen or communicated with respondent since the case was opened, and there was no evidence of any bond between the two of them. Further, the caseworker had not heard from respondent in several months and did not know where he resided. Given this information gleaned from the testimony presented, we find the trial court's finding it was in the minor's best interest to terminate respondent's parental rights is not against the manifest weight of the evidence.

¶ 39                              C. Arguments Presented on Appeal

¶ 40        As a final matter, we find it necessary to address two issues with the parties' arguments presented on appeal. First and foremost, the parties improperly cite information in support of their respective arguments which was neither introduced nor referred to during the fitness and best-interest hearings. In evaluating the arguments presented, we considered only the information gleaned from the testimony presented. Second, the State presents argument only with respect to the unfitness finding based on the failure to maintain a reasonable degree of interest, concern, or responsibility as to the minor's welfare. While we happened to agree with the State's argument and, therefore, did not need to reach the other grounds for the finding of unfitness (*Z.M.*, 2019 IL App (3d) 180424, ¶ 70), in future cases the better course would be for the State to address all grounds for a finding of unfitness.

¶ 41                              III. CONCLUSION

¶ 42        We affirm the trial court's judgment.

¶ 43        Affirmed.